HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY MANGUM, et al.,

    Plaintiffs,

    v.

RENTON SCHOOL DISTRICT,

    Defendant.

CASE NO. C10-1607RAJ

FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER BENCH TRIAL

## I. INTRODUCTION

The court heard this matter in a bench trial that began and ended on March 18, 2013. The court does not repeat the substance of its prior orders, which resolved the claims of Plaintiffs Gary and Elizabeth Mangum arising under the Individuals with Disabilities Education Act and the Rehabilitation Act. The sole claim remaining for trial was a claim that the Renton School District (the "District") violated the Washington Law Against Discrimination ("WLAD") by failing to accommodate their son's disabilities.[1]

Only one witness testified at trial: Rebecca Lockhart, the District's Director of Special Education. The parties stipulated to the admissibility of about 72 exhibits, but they mentioned only a few of them at trial, and did not move to admit any of them. The court has reviewed the exhibits to ensure that they reveal no facts that would have, if presented properly as evidence, led the court to a different conclusion today.

---

[1] The Plaintiffs' son is not a party to this litigation. His parents presented no argument that they had claims in their own right arising under the WLAD, they instead presented their son's claims. The District has not objected to Plaintiffs presenting their son's WLAD claim in a representative capacity. The court will not consider the issue further.

ORDER – 1

At the conclusion of a bench trial, the court is required to make findings of fact and conclusions of law. Fed. R. Civ. P. 52(a)(1). Given the exceedingly limited evidence presented at trial, the court supplements its factual findings with facts that the parties did not appear to dispute at trial.

Plaintiffs' son was, at least at one time, a student in the Renton School District. The parties presented no evidence regarding his current status at the District.

## II. FINDINGS AND CONCLUSIONS

### A. Findings and Conclusions Regarding Damages

Plaintiffs opened trial by requesting $750,000 as economic damages, contending that that figure constituted the present value of their son's future lost earnings. They also asked for $3,000,000-4,000,000 in non-economic damages.

Plaintiffs presented no evidence to support their request for damages.[2] The court accordingly finds that Plaintiffs have not proven damages. Even if Plaintiffs prevail on their WLAD claim, they are entitled to, at most, nominal damages.

### B. Findings of Fact Regarding Disability

1) Plaintiffs' son's head injuries, which he apparently suffered on three occasions in 2003,[3] were minor, had no lasting impact, and required no accommodation other than acute medical care.

2) Plaintiffs' son has asthma. The evidence showed that his asthma required no accommodation more extensive than the use of an inhaler, occasional absences from school, and permission to avoid certain physical education classes.

3) In 2002, Dr. Judith Cohen, a psychologist whom Plaintiffs hired, diagnosed their son with attention deficit disorder ("ADD"). There is no evidence that the

---

[2] The District's counsel pointed out the lack of evidence regarding damages during closing argument. In rebuttal argument, Mr. Mangum addressed damages. His statements during closing argument are not evidence. Even if they were evidence, they would not carry Plaintiffs' burden of proof as to damages.

[3] The District did not raise a statute of limitations defense to Plaintiffs' WLAD claim.

ORDER – 2

ADD significantly impacted Plaintiffs' son's education or required accommodations. By 2007, when Dr. Cohen submitted an evaluation report to the District, there was no mention of ADD. There is no evidence that Plaintiffs ever requested accommodation for their son's ADD, that accommodation was necessary, or that the District failed to provide any particular accommodation.

4) The District conceded at trial that Plaintiffs' son had one or more learning disabilities within the meaning of the WLAD. Although the District did not name the disability or disabilities, the court adopts the findings of Dr. Ann Uherek, a psychologist who concluded sometime in 2009 or 2010 that Plaintiffs' son had dyscalculia, dysgraphia, and other cognitive deficits that were affecting his academic performance.

5) The evidence showed that the District provided a variety of instructional accommodations to Plaintiffs' son, including software to assist him in writing. The District also provided an occupational therapy evaluation for accommodations for Plaintiffs' son's writing issues. Although the Plaintiffs insisted at trial that the District had failed to accommodate their son, they were unable to point to specific accommodations that were necessary and that the District did not provide. Plaintiffs did not prove that the District failed to provide accommodations that were reasonable under the circumstances.

## C. Conclusions of Law Regarding Disability

Plaintiffs have never been clear as to the nature of their WLAD claim. The WLAD permits a plaintiff with a disability to pursue a claim that she suffered discrimination (i.e., an adverse action taken against the plaintiff because of her disability). RCW § 49.60.215(1). It also permits a plaintiff to pursue a more specific claim that the defendant discriminated by failing to make reasonable accommodation for her disability. *Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 290 P.3d

ORDER – 3

331, 337 (Wash. Ct. App. 2013) (duty to accommodate in places of public accommodation is duty to "create a comparable opportunity, reasonable under the circumstances, between the disabled and others"). Plaintiffs provided no evidence of a discriminatory act other than a failure to accommodate their son's disabilities. The court accordingly reaches conclusions of law only as to the claim that the District failed to accommodate their son's disabilities.

1) The court assumes (without finding) that Plaintiffs' son's head injuries were disabilities within the meaning of the WLAD. *See* RCW § 49.60.040(7) (defining "disability"). Plaintiffs have not proven that the District failed to adequately accommodate that disability.

2) The court assumes (without finding), that Plaintiffs' son's asthma was a disability within the meaning of the WLAD. Plaintiffs have not proven that the District failed to adequately accommodate that disability.

3) The court assumes (without finding), that Plaintiffs' son's ADD was a disability within the meaning of the WLAD. Plaintiffs have not proven that the District failed to adequately accommodate that disability.

4) The court concludes that Plaintiffs have not proven that the District failed to adequately accommodate their son's learning disabilities.

## III.  CONCLUSION

Based on these findings of fact and conclusions of law, the court finds in favor of the District on Plaintiffs' WLAD claim. Because no claims remain for resolution, the court directs the clerk to DISMISS this action and enter judgment for the District.

DATED this 19th day of March, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4